In the Matter of the Claimed Reimbursement to
Argonaut Insurance Co. by the
Workers' Compensation Department of Oregon
ARGONAUT INSURANCE COMPANY et al,
*Petitioners,*

*v.*

WORKERS' COMPENSATION DEPARTMENT
OF OREGON,
*Respondent.*

(WCD 86-03387; CA A43764)

750 P2d 506

Richard Wm. Davis, Portland, argued the cause for petitioners. With him on the brief was Davis, Bostwick, Scheminske & Lyons, Portland.

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Joseph, Chief Judge,* and Van Hoomissen, Judge.

WARDEN, P. J.

---

*Joseph, C. J., *vice* Young, J., deceased.

### WARDEN, P. J.

Insurer seeks review of a Workers' Compensation Board referee's order[1] denying it reimbursement from the Workers' Compensation Department for temporary total disability (TTD) payments insurer made to claimant while he was participating in a vocational rehabilitation program. We affirm.

In July, 1978, claimant sustained a compensable injury to his low back. He moved to Iowa. Insurer advised the Field Services Division (FSD) of the Department[2] that claimant was requesting vocational services to be provided in Iowa. FSD notified claimant that he was not eligible for vocational services, because he was living in another state. Claimant then requested a Board hearing on the extent of his permanent disability and the question of his entitlement to out-of-state vocational retraining, without first applying to the Director of the Department for review of FSD's denial. After a July, 1983, hearing, a referee deferred any decision on the issue of the extent of disability and ordered that FSD

> "shall deem claimant entitled to a program of vocational assistance pursuant to OAR 436-61-100 and provide him with these services where claimant is currently residing in Sioux City, Iowa, without delay."

Claimant entered a motorcycle engine repair program in September, 1983. Insurer paid him TTD from September 28, 1983, the date of the referee's order on reconsideration, which for our purposes was the same as his previous order.

Insurer requested review by the Board of only those portions of the order that assessed attorney fees against it. FSD cross-requested review, alleging that claimant had failed

---

[1] Insurer requested review of the referee's order by the Board. On motion of the Department, the Board dismissed insurer's request, reasoning that, inasmuch as the issue is not a matter concerning a claim, review is not subject to ORS 656.295, but rather is subject to ORS 183.310 to ORS 183.550, citing ORS 656.704(2) and OAR 436-120-250(7) and (8). The Board concluded that jurisdiction for review of the referee's decision is in the Court of Appeals. In an order withdrawing an order to show cause why judicial review should not be dismissed on the ground that review of the referee's order is by the Board, we came to the same conclusion.

[2] The Workers' Compensation *Department* administers various programs, including rehabilitation of injured workers. It is distinct from the Workers' Compensation *Board,* which adjudicates the entitlement of injured workers to benefits from their employers and their employers' insurers.

to exhaust his administrative remedies with regard to the issue of vocational rehabilitation. The order was vacated by the Board in August, 1984. The Board reasoned that claimant had failed to exhaust his administrative remedies under OAR 436-61-998, which required that he seek administrative review by the Director of the Department before requesting a hearing on the issue of his entitlement to out-of-state vocational training. The Board concluded that the claim was not properly before it and referred the matter to the Director. Insurer immediately stopped making TTD payments and demanded that the Department reimburse it for the TTD payments it had made from September, 1983, to August, 1984.

The Director, acting for the Department, denied insurer reimbursement, citing ORS 656.268 *(since amended by Or Laws 1985, ch 425, § 1, ch 600, § 8 and Or Laws 1987, ch 884, § 10)*, which then entitled a claimant to temporary disability compensation only when enrolled and actively engaged in an "authorized vocational rehabilitation program." It concluded that, although the referee's opinion said that the motorcycle engine repair program should be provided, it had not *ordered* FSD to provide that specific program and, therefore, the order did not constitute authorization. The Department further concluded that, because claimant did not submit the dispute to the Director for review pursuant to *former* ORS 656.728(6) *(since repealed by Or Laws 1985, ch 600, § 2)*, the referee had no jurisdiction to decide the eligibility issue.

Insurer requested a hearing to contest the Department's denial of reimbursement. In February, 1987, a different referee issued an order denying reimbursement, because the program of vocational assistance in which claimant had participated in Iowa had not been authorized. He noted that claimant had not attempted to obtain authorization until after he had completed the program. Insurer petitioned for review of that opinion and order.

Insurer contends that the Director erred in refusing to reimburse it for the payments that it made while claimant was engaged in vocational training. It argues that, under the first referee's order, it was required to make the payments and is, therefore, entitled to reimbursement. The Department contends that the program was not authorized and, because it was not, insurer is not entitled to reimbursement.

Under *former* ORS 656.268(1), applicable to this case, time loss benefits were to continue after a worker became medically stationary

"if the worker is enrolled and actively engaged in an authorized program of vocational rehabilitation that has been provided according to rules adopted pursuant to ORS 656.728 * * *."

*Former* ORS 656.728(3) provided in part:

"The director shall by rule provide for reimbursement to the insurer * * * from the Rehabilitation Reserve any sums paid as temporary disability compensation after the date the worker is determined to be medically stationary until a program of rehabilitation has been terminated as provided by ORS 656.268."

*Former* ORS 656.728(6), provided:

"If a worker is dissatisfied with a decision by the department or by an insurer or self-insured employer regarding the eligibility of the worker to receive vocational assistance or regarding the nature or quality of the assistance the worker is receiving, the worker must first apply to the director for review of the decision. Decisions of the director may be reviewed pursuant to ORS 656.283."

*Former* ORS 656.283 *(since amended by* Or Laws 1985, ch 600, § 9, and Or Laws 1987, ch 884, § 11) provided, in part:

"Subject to ORS 656.319, any party or the director may at any time request a hearing on any question concerning a claim. However, decisions of the director regarding participation in, but not eligibility for, an authorized vocational rehabilitation program may be modified only if the decision of the director:

"(a)   Violates a statute or rule;

"(b)   Exceeds the statutory authority of the agency;

"(c)   Was made upon unlawful procedure; or

"(d)   Was characterized by abuse of discretion or clearly unwarranted exercise of discretion."

The Department argues that, because claimant failed to apply to the Director for review of the FDS's denial as required by *former* ORS 656.728(6), the first referee had no Department decision before him for determination and, therefore, no jurisdiction to determine the merits of the question

presented. We agree that the referee had no authority to require the FSD to provide claimant the particular program of vocational assistance that he did. Although *former* ORS 656.283 provided that any party could request a hearing at any time concerning a claim, the statute required that there be a director's decision before there could be a hearing on issues of participation in a program of vocational rehabilitation program as provided by *former* ORS 656.728(6). *See also* OAR 436-61-988. The regulations promulgated by the director pursuant to *former* ORS 656.728(3) make it clear that reimbursement to the insurer in this case is contingent on authorization for the particular program by the Department. *See former* OAR 436-61-400 and *former* OAR 436-61-430(5). The first referee, therefore, had no authority to determine claimant's eligibility for the out-of-state services. Because his order could not have constituted "authorization," insurer is not entitled to reimbursement of TTD payments.

Affirmed.